41 C.C.P.A. (Patents)

**ALUMINUM AIR SEAL MFG. CO.**

v.

**TRIM–SET CORP.**

**Patent Appeals No. 5999.**

United States Court of Customs and Patent Appeals.

Nov. 24, 1953.

Harvey B. Jacobson, Washington, D. C. (John H. Lewis, Jr., Washington, D. C., of counsel), for appellant.

Charles R. Allen and Charles R. Allen, Jr., Washington, D. C. (Cook & Robinson, Seattle, Wash., of counsel), for appellee.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Judges.

COLE, Judge.

The appellant herein seeks a reversal of a decision of the Examiner-in-Chief of the United States Patent Office in a trade mark cancellation proceeding in which it was held that the mark of the appellant, Trim-a-Seal and design, and that of the appellee-cancellation petitioner, Trim-Set, were of such near resemblance as would lead, or likely lead, to confusion in trade as to the origin of the respective goods of the parties. 94 U.S.P.Q. 35.

The appellant's mark, registered on the Supplemental Register of the Patent Office, consists of a pictorial representation of a cross-section of "a structural member of generally I-beam shape, the words 'Trim-a-Seal' with 'Trim-a-' and 'Seal' disposed between the horizontal members of the I-beam and on either side, respectively of the vertical member of the I-beam and a slogan 'Makes The Weather Behave' disposed on the end face of the horizontal and vertical members * * *". The mark is affixed to combination storm windows, screens,

and doors and has allegedly been in use since September of 1948.

Appellee's word mark, Trim-Set, applied to metal windows, window frames, and doors was adopted and used prior to appellant's acquisition of its mark. Admittedly, the products of the parties are substantially identical, and it is not disputed that such products are distributed in the same geographical areas through similar channels of trade.

The appellee made application for the registration of its mark on the Principal Register of the Patent Office prior to appellant's application for registration of its mark. Registration of appellant's trade mark on the Supplemental Register, however, antedated appellee's registration, but as the appellee does not affirmatively rely on its subsequent registration in this proceeding, it is unnecessary to further develop other factual matter.

Prior use having been established by the appellee, the sole issue for determination is whether or not the contested marks so resemble each other that their concurrent use on goods possessing the same descriptive properties will lead to the possibility of trade confusion or deception of purchasers.

In resolving this question in the affirmative, the Examiner-in-Chief reversed the decision of the Examiner of Interferences who was of the opinion that the marks, considered in their entireties, were not deceptively similar. In announcing this conclusion, the Examiner of Interferences was largely influenced by his interpretation of the holdings in several decisions of this court and the tribunals of the Patent Office. The Examiner-in-Chief, however, took the position and expressed the view, broadly restated, that the word notation "Trim-a-Seal" occupied a predominating place in the mark of the appellant, and that as the word "Trim" was common to the initial portion of each mark, it was necessary for the appellant to negate the possibility of confusion by providing a word or words for the remainder of its mark which would clearly differ from that used by the appellee. The Examiner-in-Chief was of the further opinion that the remainder of the notations, "Seal" and "Set," did not present a sufficient distinction in sound or appearance which would obviate the likelihood of confusion when the involved marks were considered in their respective entireties.

While the appellant's mark consists of the hyphenated words "Trim-a-Seal" in association with the previously described pictorial representation and a somewhat obscured slogan, "Makes The Weather Behave," the former was conceded to be the dominant part of the composite mark, and the express notation by which appellant's goods would most likely be requested. The hub of the controversy, therefore, is directed to a determination of the confusingly similar aspects of the notations "Trim-a-Seal" and "Trim-Set" on practically identical merchandise.

The appellant urges that the initial portion of each expression, "Trim," is descriptive of the products of both parties, and being descriptive cannot function as an origin indicating medium or the dominant part of either mark, or be given other than little weight in determining confusing similarity between marks involving other features. The appellant contends that "Trim" is a word used in the building trade denoting the finished trimming of window frames or the like, and that as appellee commonly sells its products in "sets," appellee's mark is wholly descriptive and consequently lacks trade mark significance. The appellant further argues that such descriptive words cannot be exclusively appropriated and henceforth the marks, viewed as a whole, are not likely to mislead or confuse prospective purchasers.

The Examiner of Interferences, in his opinion, correctly stated:

"* * * Petitioner in this proceeding is not seeking to monopolize the words 'Trim' and 'Set', nor the expression 'Trim-Set', but merely to cancel respondent's registration of the notation 'Trim-A-Seal' because of prior use by it of a confusingly

similar notation upon the same or similar goods and the likelihood of damage to petitioner by reason thereof. If petitioner proves these allegations it is entitled to prevail. * * *"

■ This court in a cancellation proceeding will, of its own volition, notice descriptive portions of marks alleged to be confusingly similar. Although it is well established that a descriptive word can have, in itself, little or no trade mark significance and cannot properly be considered as being the dominant part of a trade mark, it is equally well established that the controlling and decisive principle is whether the competing marks are confusing when observed in the light of their over-all presentations. In this respect, it is true that in the final analysis the contested marks should not be judicially dissected or component parts measured one against the other, as the purchaser himself does not dissect the marks, but is confused, if at all, by the mark as a whole. From a purely objective standpoint, however, existing and apparent similarities in significance, sound, and appearance between constituent parts of trade marks cannot be overlooked as they provide a rational foundation upon which a conclusion may be formed as to the general subjective impression made by the marks upon the buying public.

■ Whether "Trim-Set" and "Trim-a-Seal" be comprised of mere descriptive designations or otherwise, we cannot close our eyes to the fact that the word "Trim" is common to each mark, and whether dominant or not, its very presence in the initial portion of each mark is of significant concern. Assuming that "Trim" is descriptive of the goods, and therefore entitled to a lesser degree of weight than if it were wholly arbitrary, the remainder of the marks, "Set" and "Seal," do not adequately differentiate in themselves, either in sound or appearance, and to the extent to which they might be considered dissimilar upon close comparison, the contrast is obscured when the marks are considered in their entirety.

Although somewhat repetitious, the following is quoted with approval from the clear and concise opinion of the Examiner-in-Chief:

"It is true that marks must be considered in their entireties but pictorial representations cannot be spoken and the goods would be called for by means of the name and not by the picture. The slogan 'Makes The Weather Behave' is so inconspicuous in the mark that it is clearly subordinate to the words 'Trim-a-Seal'. Both petitioner's mark and respondent's mark have 'Trim' as the first word which would be spoken in calling for the goods and as the first part of the mark 'Trim' obviously forms a conspicuous part thereof and whether arbitrary, suggestive or descriptive cannot be ignored. Being a newcomer in the field and having adopted the identical first term of another as the first term of his mark respondent clearly has the duty of selecting such word or words for the remainder of his mark that there can be no possibility of confusion. This respondent has failed to do since the words 'Seal' and 'Set' look somewhat alike and sound somewhat alike when spoken in connection with the word 'Trim'. It is true that respondent has a vowel 'a' inserted between 'Trim' and 'Seal' but this is capable of being slurred to the point of extinction. The courts have repeatedly held that the public ought not be required to dissect and analyze trade-marks in order that confusion and deception might be avoided. * * *"

For the reasons hereinbefore stated, the decision of the Examiner-in-Chief is affirmed.

Affirmed.

JOHNSON, J., dissents.